UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SALVADOR A. RODRIGUEZ,

    Petitioner,

    v.

DERRAL ADAMS, Warden,

    Respondent.

_____/

No. C 04-2233

**ORDER STAYING CASE; ADMINISTRATIVE CLOSURE**

On June 7, 2004, petitioner Salvador Rodriguez ("Rodriguez") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His subsequent November 24, 2004 amended petition contained three claims for relief. However, there is currently only one claim pending because the court dismissed one claim as non-cognizable, and Rodriguez elected not to proceed on another unexhausted claim. In the sole surviving claim, Rodriguez contends he received ineffective assistance of counsel based on his trial counsel's failure "to investigate into matters pertaining to [his] trial."

On March 1, 2007, this court appointed counsel for Rodriguez based on the weakness of his presentation in his petition and traverse, his lack of knowledge of the law and his difficulty handling legal matters, and letters the court received from a former investigator, William Walter Foskett, suggesting that an evidentiary hearing might be appropriate in the case. On March 14, 2007, current counsel, Linda Fullerton, was appointed.

At the time counsel was appointed on March 14, 2007, the petition was already fully

briefed. Subsequently, on April 26, 2007, because the court determined that the pro se briefing on the only issue was inadequate, this court afforded Fullerton, on Rodriguez's behalf, the opportunity to file a supplemental traverse and also to request an evidentiary hearing. Rodriguez filed his supplemental traverse and request for evidentiary hearing on September 17, 2007.

On November 8, 2007, respondent filed a motion to dismiss petitioner's claim, as articulated in the supplemental traverse, as unexhausted and untimely. He also filed an opposition to Rodriguez's request for an evidentiary hearing. Rodriguez filed an opposition to the motion to dismiss on January 14, 2008, and the state filed a reply on January 29, 2008.

**A.    Exhaustion**

In his form pro se state habeas petition before the California Supreme Court, Rodriguez alleged ineffective assistance of counsel, and attached a memorandum of points and authorities ("MPA") and several exhibits in support of his claim.[1] In the MPA, Rodriguez contended that his trial counsel was ineffective for failing to timely subpoena an important defense witness, Roy Ramsey, and in failing to seek admission of Ramsey's preliminary hearing testimony at trial. MPA at 16. The state supreme court issued a postcard denial of Rodriguez's claim.[2] R.T. Exh. 11.

In his supplemental traverse filed by appointed counsel on September 26, 2007, Rodriguez asserts that his counsel was ineffective for (1) failing to present witnesses that were located and interviewed by a defense investigator (Foskett) prior to trial that would

---

[1] The author of the MPA is unclear to the court. It appears to have been prepared by an attorney in spite of the fact that Rodriguez filed the state court petition pro se.

[2] Rodriguez also filed habeas petitions with the state trial court and state court of appeal, alleging the same ineffective assistance of counsel claim, prior to filing his petition before the California Supreme Court. The trial court denied his claim in a minute order without any reasoned explanation, and the California Court of Appeal similarly issued a postcard denial. *See* Exh. 5, Respondent's November 8, 2007 Motion to Dismiss. Accordingly, there are no written, reasoned decisions from any of the state courts on Rodriguez's ineffective assistance of counsel claim.

2

have supported his position that the homicide was justified, including Roy Ramsey, Elaine Caufield, and Dennis Lyons; and (2) failing to locate and investigate additional witnesses that were available and who would have testified that Rodriguez's role in the homicide was justified, including Kenneth Jackson and Vonree Alberty. Rodriguez argues that these witnesses would have substantiated the defense's position that the homicide victim's friends were committing a robbery or robberies at the time the victim was shot. Accordingly, Rodriguez further contends that these additional witnesses would have supported his position at trial that the homicide was justified in that he acted reasonably in the defense of another, or alternatively, that such evidence would have supported conviction of a lesser included offense, voluntary manslaughter, by suggesting to the jury that Rodriguez acted honestly but unreasonably in the defense of another or in the heat of passion.

In support, Rodriguez attached six exhibits to his supplemental traverse that are not a part of this court's record, nor were they a part of the record before the California Supreme Court. Those exhibits include: (1) a September 9, 2007 declaration from Scott Whitney; (2) a September 10, 2007 declaration from Vonree Alberty; (3) a September 16, 2007 declaration from Kenneth Jackson; (4) a May 3, 1999 interview report for Dennis Lyons; (5) a September 16, 2007 declaration from Foskett; and (6) a May 7, 1999 interview report for Elaine Caufield (who is now apparently deceased).

In response, respondent moves to dismiss Rodriguez's ineffective assistance of counsel claim, as articulated in his supplemental traverse, as unexhausted. He contends that even though petitioner's ineffective assistance of counsel claim was phrased generally in his federal habeas petition, that before the California Supreme Court, Rodriguez asserted a claim only with respect to witness Roy Ramsey. Respondent thus argues that Rodriguez's enlargement of the claim in his supplemental traverse, combined with the additional evidence attached to Rodriguez's supplemental traverse, renders the claim unexhausted because it was never presented to the state court. Rodriguez counters that

he merely supplemented the ineffective assistance of counsel claim presented before the state court, and that the inclusion of the supplemental evidence and arguments does not alter the substance of the claim so as to render it unexhausted.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988). To exhaust the factual basis for the claim, the specific factual basis must be presented to the highest state court. *Kelly v. Small*, 315 F.3d 1063, 1067-69 (9th Cir. 2003)*, overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143, 1149 (9th Cir. 2007) (finding unexhausted ineffective assistance of counsel and prosecutorial misconduct claims where specific instances of ineffectiveness and misconduct asserted in federal petition were neither in the California Supreme Court petition nor discussed by the court of appeal); *cf. Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (finding that petitioner provided sufficient facts to exhaust claim concerning disciplinary proceeding where he explicitly stated that he was denied his due process rights under *Wolff v. McDonnell*, cited to a case, a statute and a regulation, and noted that he was charged with battery on a non-inmate.). A claim has not been fairly presented if facts alleged in federal court fundamentally alter the nature of the claim that was presented to the state's highest court. *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986). Where a federal habeas petitioner presents newly discovered evidence or evidence not before the state courts that would place the case in a significantly different and stronger evidentiary posture than when the state court considered it, the state must be given the opportunity to consider the evidence. *Aiken v. Spalding*, 841 F.2d 881 (9th Cir. 1988).

The new evidence and arguments presented by Rodriguez in his supplemental

4

traverse, although related to his claim before the state court, indeed place that claim in a significantly stronger evidentiary posture.  Only two witnesses testified at trial in support of Rodriguez's position that the victim was shot in the defense of others who were being robbed by the victim and the victim's friends at the time of the shooting - Rodriguez and Thurston Breshell.  Four of the supplemental exhibits - the declarations and interview memoranda from Alberty, Jackson, Caufield, and Lyons - corroborate Rodriguez's and Breshell's testimony and provide additional details regarding the scene of the crime, including the alleged robberies, Rodriguez's conduct, and the conduct of the numerous other witnesses present that day.  These exhibits also corroborate the preliminary hearing testimony of Roy Ramsey, whose failure to testify at trial provided the underlying factual basis for Rodriguez's state court ineffective assistance of counsel claim.  For example, the Alberty and Jackson declarations provide further detail regarding the victim's and the victims' friends' role at the scene, the robberies allegedly perpetrated on Rodriguez's friends by the victims' friends, and also suggest that the victim and/or his friends may have possessed a firearm.  Additionally, the supplemental Whitney and Foskett declarations strengthen Rodriguez's argument that his trial counsel's performance with respect to the preliminary investigation was deficient in so far as they demonstrate the ease with which Alberty and Jackson, previously not interviewed, were located and interviewed in conjunction with these federal habeas proceedings.

**B.    Stay and Abeyance**

Having found that the new evidence and arguments render petitioner's ineffective assistance of counsel claim unexhausted, the court must now consider the appropriate relief.  In his opposition to the state's motion to dismiss, Rodriguez requests that, if the court concludes that the ineffective assistance of counsel claim, based on witnesses other than Ramsey, is unexhausted, that this court stay the instant proceedings so that Rodriguez may return to state court to exhaust the claim.  *See* Oppos. at 4-5.  Respondent did not respond this request in his reply brief.

### 1. Timeliness/Relation-Back

District courts have the authority to stay mixed petitions to allow for exhaustion of the unexhausted claim in state court. *See Rhines v. Webber*, 544 U.S. 269, 274-75 (2005). However, it would be futile to grant a stay to allow Rodriguez to exhaust the unexhausted claim if he would be unable to amend his petition upon returning to federal court after exhaustion because the newly-exhausted claim would be untimely. *See Mayle v. Felix*, 545 U.S. 644, 662 (2005).

Here, there can be no dispute that AEDPA's one-year statute of limitations has expired on Rodriguez's unexhausted claim. The California Supreme Court denied Rodriguez's habeas petition on February 4, 2004. Thus, the statute of limitations began running on March 5, 2004, thirty days after the California Supreme Court's denial of the final habeas petition was filed, and would have expired on March 4, 2005, because there is no statutory tolling during the period when a federal habeas petition is pending. *See Duncan v. Walker*, 533 U.S. 167, 180-81 (2001); *Allen v. Lewis*, 295 F.3d 1046, 1046 (9th Cir. 2002).

However, amendments to claims, made after the AEDPA statute of limitations expires, including following exhaustion, may relate back to the date of the original pleading if the original and amended pleadings "arise from the same core facts as the timely filed claims." *Mayle v. Felix*, 545 U.S. 644, 657, 662 (2005) (citing Fed.R.Civ.P. 15(c)(2)). Unlike the exhaustion analysis above, in which the court compared Rodriguez's claim, as stated in his supplemental traverse, with that asserted in his state court habeas petition, the court now compares Rodriguez's supplemental traverse claim with that asserted in his amended federal habeas petition.

In conducting this comparison, it is noteworthy that the claim alleged in Rodriguez's amended federal habeas petition is similar, but not identical to that contained in his state habeas petition. In his November 24, 2004 federal habeas petition, Rodriguez stated that his counsel was ineffective in failing "to investigate into matters pertaining to [his] trial." In

support, Rodriguez attached numerous exhibits to his petition, and unlike his state habeas petition, which referred the state court to Rodriguez's MPA, Rodriguez specifically refers the court to "Exhibit J" as providing factual support for his federal claim. Exhibit J is a February 6, 2002 letter from investigator Foskett to Rodriguez's counsel on his state court direct appeal, which was not attached to his habeas petition before the California Supreme Court. *See* R.T. Exh. 10. In his letter, Foskett, a former investigator for the Alameda County Public Defender's Office, and the investigator assigned to Rodriguez's case, details his interactions with Rodriguez's trial counsel, and the investigative efforts that were undertaken in the case. Specifically, he references the investigation, or lack thereof, undertaken with respect to witnesses Roy Ramsey, Elaine Caufield, Dennis Lyons, and Thurston Breshell. Foskett also opines that "as an expert in police investigations. . . . this is one of the worst homicide investigations ever completed by police and DA inspectors." Foskett further suggests that trial counsel's performance was indeed ineffective, and offers several examples in support.

The court concludes that Rodriguez has satisfied the requirements of *Mayle*, and that the claim contained in his pro se amended federal petition and the claims detailed in his supplemental traverse are indeed "tied to a common core of operative facts." *Id.* The ineffective assistance of counsel claim alleged in Rodriguez's amended petition is framed broadly enough that it could encompass counsel's failures and omissions with respect to *all* witnesses - not just Roy Ramsey. Additionally, as noted, the supporting evidence cited by Rodriguez in his amended petition references witnesses in addition to Ramsey. Moreover, the claims articulated in Rodriguez's traverse are both tied to the same "common core of operative facts" – counsel's failure to present evidence in support of Rodriguez's defense that the shooting occurred in the defense of others.

For these reasons, a stay would not be futile because following exhaustion of the currently unexhausted claim, as stated in Rodriguez's supplemental traverse, the then-exhausted claim would relate back to the timely-filed claim stated in Rodriguez's November

24, 2004 amended habeas petition.

2. Considerations under *Rhines v. Webber*

Having determined that once exhausted, the unexhausted claim will relate back to the timely amended petition in this case, the court is nevertheless required to consider additional factors in assessing whether a stay is appropriate under the circumstances of this case. *See Rhines*, 544 U.S. at 274-75. In *Rhines*, the Supreme Court held that a stay may only be granted upon a showing of: (1) good cause for petitioner's failure to exhaust the issues before filing the federal petition; (2) that the issues which the petitioner proposes to exhaust are "potentially meritorious;" and (3) that the petitioner did not engage in "intentionally dilatory tactics." *Id.* at 277.

With respect to good cause, Rodriguez filed both his state and federal habeas petitions without the assistance of counsel, and was unaware of the nature and/or substance of additional witness statements until his current habeas counsel conducted the recent investigation. Additionally, the court finds the unexhausted ineffective assistance of counsel claim "potentially meritorious," and further finds no evidence that Rodriguez has engaged in any dilatory tactics. Rodriguez filed the instant federal habeas case on June 7, 2004, within three months of the state supreme court's denial of his state habeas petition.

Accordingly, the stay will be granted.

**CONCLUSION**

For the foregoing reasons, the state's motion to dismiss Rodriguez's habeas petition is DENIED, Rodriguez's request for a stay is GRANTED, and the case is hereby STAYED to allow petitioner to present his unexhausted claim in state court. If petitioner is not granted relief in state court, he may return to this court and ask that the stay be lifted. The stay is subject to the following condition: **Petitioner must notify this court within thirty days after the state courts have completed their review of his claims or after they have refused review of his claims.**

If this condition of the stay is not satisfied, this court may vacate the stay and act on

8

this petition. *See Rhines*, 125 S. Ct. at 1535 (district court must effectuate timeliness concerns of AEDPA by placing "reasonable limits on a petitioner's trip to state court and back").

Rodriguez's motion for an evidentiary hearing is DENIED WITHOUT PREJUDICE, and may be renewed, if necessary, upon returning to this court.

The clerk shall administratively close this case. The closure has no legal effect; it is purely a statistical matter. The case will be reopened, the stay vacated, and an order to show cause issued upon notification by petitioner in accordance with the conditions set forth above.

**IT IS SO ORDERED.**

Dated: March 4, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge