UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SALVADOR A. RODRIGUEZ,

    Petitioner,

    v.

DERRAL ADAMS, Warden,

    Respondent.
_____/

No. C 04-2233 PJH

**ORDER SETTING BRIEFING SCHEDULE FOLLOWING REMAND**

Pursuant to the mandate of the Ninth Circuit Court of Appeals remanding the petition for writ of habeas corpus to consider (1) whether petitioner Salvador A. Rodriguez can demonstrate cause under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), in light of *Detrich v. Ryan*, 2013 WL 4712729 (9th Cir. Sept. 3, 2013) (en banc), and (2) whether Rodriguez can demonstrate prejudice under *Coleman v. Thompson*, 501 U.S. 722 (1991), the court issues the following briefing schedule:

On the issue whether there is cause to excuse the procedural default of the claim of ineffective assistance of trial counsel for failure to investigate and present the testimony of Vonree Alberty and Kenneth Jackson, as asserted in the supplemental traverse to the first amended petition, doc. no. 44, Rodriguez shall file an opening brief on his *Martinez* motion by no later than **twenty-eight days** from the date of this order.  Respondent's opposition brief is due **twenty-eight days** after the opening brief is filed.  Rodriguez may file a reply **fourteen days** after the opposition is filed.

To provide guidance on the issues to be addressed in the *Martinez* motion, the court directs the parties to the holding of *Detrich*, where the court of appeals, sitting en banc,

read *Martinez* to establish four requirements to overcome procedural default, as an exception to the cause and prejudice requirements under *Coleman*:

> (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] ... be raised in an initial-review collateral proceeding."

*Detrich*, 2013 WL 4712729 at *5 (quoting *Trevino*, 133 S.Ct. at 1918). The order of reversal in part and remand establishes, as the law of the case, the last three of the four *Martinez* requirements: "First, Rodriguez lacked counsel during his state collateral proceeding. [Footnote omitted.] Second, that proceeding likely constituted an 'initial-review proceeding.' *Martinez*, 132 S. Ct. at 1315. Third, California's 'state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal.'" Nov. 18, 2013 slip op. at 4-5. Under the terms of the mandate, the only issue for determination here is whether Rodriguez can establish the first *Martinez* prong and demonstrate cause to excuse the procedural default.

Furthermore, with respect to the showing required under *Martinez*, the court in *Detrich* held that if a petitioner's lack of counsel in his state collateral proceeding establishes cause to excuse procedural default under the requirements of *Martinez,* "[t]here is no need to show 'prejudice' resulting from the failure of the pro se prisoner during the state [post-conviction relief] proceeding to raise a claim of trial-counsel IAC, over and above the need to satisfy the first *Martinez* requirement that the underlying trial-court IAC claim be 'substantial.'"

**IT IS SO ORDERED.**

Dated: January 13, 2014

PHYLLIS J. HAMILTON
United States District Judge